```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

RAJAN SOOD, et al.              *

          Appellants            *

             vs.                *   CIVIL ACTION NO. MJG-11-2528

BUSINESS LENDERS, LLC           *

          Appellee              *

*     *     *     *     *     *     *     *     *
```

DECISION ON APPEAL

The Court has before it Appellant's Appeal from the Bankruptcy Court's Order with Notice Dismissing Chapter 13 Case [Document 1] and the documents filed relating thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND

On January 20, 2010, appellants, Rajan and Dida Sood ("Debtors"), filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code (Case number 10-11274 hereinafter referred to as the "Chapter 7 case"). On August 25, 2010, the Bankruptcy Court issued an Order discharging various unsecured debts, including Debtors' liability on their home mortgage. Thus, as of the discharge, Debtors had an ownership interest in their home that was subject to a secured debt to Appellee, Business Lenders, LLC ("Lenders"), but no personal

liability on the secured debt.  The Chapter 7 case remained open awaiting the Trustee's final report and final account certifying that the estate has been fully administered pursuant to Fed. R. Bankr. P. 5009(a).  In fact, the Trustee's final report was not issued until March 20, 2012 – and the final decree closing the bankruptcy case was entered on May 2, 2012 - more than a year and a half after the discharge.

Lenders, of course, had no need to await the Trustee's final report – and commenced to foreclose its secured debt on Debtors' home.  On December 19, 2010, some four months after the discharge, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (Case number 10-38434, hereinafter referred to as the "Chapter 13 case").[1]  The purpose of the Chapter 13 case was to prevent the foreclosure and to restructure the secured debts whose liens survived the Chapter 7 case's discharge.

The Bankruptcy Court, sua sponte, noting that the Chapter 7 case was still pending, directed the Debtors to show cause why the Chapter 13 case should not be dismissed.  A hearing was held.  On July 26, 2011, the Bankruptcy Court entered an Order dismissing the Chapter 13 case, referring to reasons set forth

---

[1] Debtors' petition included the following prior bankruptcy cases filed within the last eight years:  10-11274 filed January 20, 2010; 07-20361 filed October 22, 2007; 06-13922 filed July 5, 2006; and 03-13837 filed April 1, 2003.

on the hearing record.  At the hearing, the Bankruptcy Court said:

> There has been no final report in that case, there is no final account, that case is open and these assets are subject to the administration of the Chapter 7 Trustee.
> The Chapter 7 Trustee has the exclusive right to administer those assets until he either files a motion to abandon them or he for other reason files his final report . . . .
> . . . the Debtors cannot proceed to seek a plan which [a]ffects these assets until the Trustee has taken his action and these two Estates are virtually identical . . . .

Hr'g Tr. 7:13-8:1, ECF No. 2.

The Debtors timely filed the instant appeal contending that the Bankruptcy Court erred in dismissing the Chapter 13 case and that the dismissal deprives them of their due process rights.

II.  STANDARD OF REVIEW

When a District Court reviews a Bankruptcy Court final Order, the District Court acts as an appellate court.  28 U.S.C. § 158(a).  Accordingly, legal conclusions are reviewed de novo, whereas findings of fact may be set aside only if clearly erroneous.  See In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998).

Matters within the Bankruptcy Court's discretion are reviewed under an abuse of discretion standard.  In re Arnold,

3

806 F.2d 937, 938 (9th Cir. 1986). That is, the Bankruptcy Court's decisions within its discretion will be reversed only if they were "based on an erroneous conclusion of law or when the record contains no evidence on which the [Bankruptcy Court] rationally could have based [the decisions]." In re Windmill Farms, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988) (citing In re Hill, 775 F.2d 1037, 1040 (9th Cir. 1985)).

III. DISCUSSION

As stated in In re Bateman, 515 F.3d 272, 275 n.2 (4th Cir. 2008),[2]

> Chapter 7 is the chapter of the Bankruptcy Code that governs the debtor's liquidation, a form of relief that involves the collection, liquidation and distribution of the debtor's nonexempt property and culminates in the debtor's discharge. Chapter 13 of the Bankruptcy Code is titled "Adjustment of Debts of an Individual With Regular Income" and is essentially a reorganization that allows the debtor to "deal comprehensively with both unsecured and secured debts."

It is not uncommon for a debtor to file a Chapter 13 case after obtaining a discharge in a Chapter 7 case. The two-step procedure is often referred to as a "Chapter 20." In re Davis,

---

[2] Quoting 6 Collier on Bankruptcy P 700.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2007), and 8 Collier on Bankruptcy P. 1300.01.).

4

447 B.R. 738, 743 (Bankr. D. Md. 2011), aff'd (Jan. 12, 2012), aff'd sub nom. TD Bank, N.A. v. Davis, CIV. PJM 11-1270, 2012 WL 439701 (D. Md. Jan. 12, 2012).

The United States Supreme Court has decided that there is no per se rule preventing a debtor from filing a Chapter 13 case following a Chapter 7 case. See Johnson v. Home State Bank, 501 U.S. 78, 87 (1991) ("Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief."). However, not every Chapter 20 procedure will be permissible. For example, the Chapter 13 plan must still withstand the confirmation requirements of 11 U.S.C. § 1325, which include the requirement that the plan be filed in good faith. Id. at 87-88. Moreover, a debtor may not receive a Chapter 13 discharge in a bankruptcy case filed within four years of filing an earlier Chapter 7 petition that resulted in a discharge. See 11 U.S.C. § 1328(f)(1); Bateman, 515 F.3d at 280.

The critical issue presented by the instant appeal is whether a Chapter 20 procedure is permitted when the Chapter 13 case is filed while the Chapter 7 case is pending, i.e., is a "simultaneous" (as distinct from a "sequential") Chapter 20 permissible? The Bankruptcy Court held that it was not.

In Johnson, the Chapter 13 case was filed after the conclusion of the Chapter 7, thus it involved a sequential Chapter 20. The issue presented was whether a debtor could include a mortgage lien in a Chapter 13 plan once the personal liability of the debtor had been discharged in a Chapter 7 case. Johnson, 501 U.S. at 80. The Court held that the Bankruptcy Code's definition of "claim" was sufficiently broad to allow a debtor to include a bank's in rem claim against property of the debtor to be treated in a Chapter 13 plan. Id. at 84.

In Bateman, the United States Court of Appeals for the Fourth Circuit addressed consolidated appeals, one of which involved Mr. Joseph Bateman and another involved Mr. and Mrs. Graves. In regard to Mr. Bateman, the court stated: "Bateman previously filed for Chapter 7 bankruptcy on March 25, 2005 and received a discharge on June 29, 2005. Later that year, on December 12, Bateman filed the Chapter 13 bankruptcy petition at issue in this appeal to stop a pending foreclosure on his home." Bateman, 515 F.3d at 275. The court did not state whether Mr. Bateman's Chapter 7 case was pending when he filed the Chapter 13 case.

In regard to the Graveses, the Bateman court stated:

> [T]he Graveses filed a joint Chapter 13
> bankruptcy on February 7, 2006 to stop a
> pending foreclosure on their home . . . .
> The Graveses had previously filed a Chapter

>   13 bankruptcy petition on January 4, 1999,
>   and received a Chapter 13 discharge on June
>   16, 2004, after completing five years of
>   Chapter 13 plan payments.

Id. at 276.

The decision does not make clear whether the Graves' procedure – presumably one that could be called a "Chapter 26" - was sequential or simultaneous.  In any event, the Bateman decision did not address any question relating to a simultaneous Chapter 20.[3]  Rather, as pertinent to the instant case, the court stated: "we must decide whether an individual may file a Chapter 13 petition if he is ineligible for a discharge under § 1328(f)."  Id. at 277.  The court held "that a debtor is not precluded from filing in good faith a new Chapter 13 bankruptcy case even though he may be ineligible for a discharge under § 1328(f)."  Id. at 283-84 (emphasis in original).

The Fourth Circuit has not specifically addressed the matter of simultaneous Chapter 20 procedures. See In re Brown, 399 B.R. 162, 166 (Bankr. W.D. Va. 2009)(analyzing the law addressing whether a debtor may maintain concurrent cases under

---

[3] The court decided that the 2 and 4-year periods described in § 1328(f) run from the date of filing rather than the date of discharge with regard to a prior petition.  Bateman, 515 F.3d at 280.

Chapter 13). Few appellate courts appear to have considered the question, and those that have are not in agreement.[4]

The majority of bankruptcy courts that have considered the issue since Johnson have adopted a per se ban on simultaneous bankruptcy cases. Id. These courts appear to rely on the Supreme Court's decision in Freshman v. Atkins, 269 U.S. 121 (1925), which held that the pendency of the first application for discharge precluded a debtor from seeking a discharge in a second filing with respect to the same debts. See In re Hodurski, 156 B.R. at 355 (noting that Freshman holds only that two applications for discharge of the same debts cannot be pending concurrently); In re Brown, 399 B.R. at 166.

However, a growing minority of bankruptcy courts do not per se prohibit simultaneous cases. See, e.g., In re Brown, 399 B.R. at 166-67 (citing cases). These courts have required the

---

[4] Compare In re Metz, 820 F.2d 1495 (9th Cir. 1987)(permitting a home mortgage debt that had been discharged in a Chapter 7 case to be cured in a subsequent Chapter 13 plan where the debtor filed the proposed Chapter 13 plan on the same day he received his Chapter 7 discharge), and In re Saylors, 869 F.2d 1434, 1437 (11th Cir. 1989)(declining to conclude as a matter of law that filing a Chapter 13 petition before the Chapter 7 trustee filed his final report was dispositive on the issue of good faith), with In re Sidebottom, 430 F.3d 893, 896-98 (7th Cir. 2005)(discussing simultaneous "Chapter 20" filings and adopting a per se rule prohibiting a debtor from having more than one bankruptcy case open at any time); see also In re Young, 237 F.3d 1168 (10th Cir. 2001)(permitting a conversion of a Chapter 7 to a Chapter 13 and describing it as a "Chapter 20" procedure).

8

Chapter 7 discharge to have been entered, although the Chapter 7 case remained open for certain administrative acts to be performed, such as the filing of a trustee's final report. See In re Sidebottom, 430 F.3d at 898; see also In re Turner, 207 B.R. 373 (B.A.P. 2d Cir. 1997)(noting universal agreement among the courts that a Chapter 13 case was a nullity if the Chapter 7 case had not yet received a discharge); In re Hodurski, 156 B.R. 353, 356 (Bankr. D. Mass. 1993)("In rejecting a per se prohibition against simultaneous filings, these courts assess the propriety of the Chapter 13 in light of the standards applicable to confirmation of Chapter 13 plans, particularly the debtor's good faith.").

There does not appear to be an express provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure that bars a Chapter 7 debtor from seeking simultaneous relief under Chapter 13.  See In re Brown, 399 B.R. at 165 ("There is no provision in the Bankruptcy Code that expressly disallows concurrent bankruptcy filings by the same debtor. . . . Similarly, no provision of the Bankruptcy Code denies a discharge to a debtor where another proceeding in which he is a debtor is pending.").

This Court finds more persuasive the decisions that reject, rather than accept, a per se rule forbidding simultaneous

9

Chapter 20 proceedings.  Moreover, if the Bankruptcy Code and Rules were interpreted to prevent debtors receiving a Chapter 7 discharge from utilizing a simultaneous Chapter 20 procedure, there would be a serious due process issue presented.

In regard to the potential due process issue, it suffices for present purposes to consider Schreck v. United States, 301 F. Supp. 1265 (D. Md. 1969) in which this court recognized a due process issue in a tax context that found its way to the Supreme Court.  In Schreck, the taxpayer was the subject of a terminated year jeopardy assessment that, under the Government's interpretation of the Code, would prevent the taxpayer from contesting the I.R.S. determination of liability in the United States Tax Court.  Barred from the Tax Court, the taxpayer would have to satisfy the "full payment rule" and sue for a refund in a United States District Court or the Court of Federal Claims. Flora v. United States, 362 U.S. 145 (1960).  In contrast, taxpayers who received a "regular" jeopardy assessment were able to contest the I.R.S. determination in the U.S. Tax Court without prepayment of the asserted liability.  This Court noted the constitutional issues that would be created if the Government's theory were accepted. Id. at 1283.

When the issue reached the Supreme Court, the majority construed the Internal Revenue Code in favor of the taxpayers

and, thus, did not "decide whether the procedures available under the Government's theory would, in fact, violate the Constitution." Laing v. United States, 423 U.S. 161, 185 (1976). However, in his concurring opinion, Justice Brennan wrote "to state [his] views of the considerations raised by the due process claim." Id. at 186. Of particular pertinence is the Justice's statement: "[The Code provision at issue] . . . falls short, in my view, of meeting due process requirements. This is because present law denies an affected taxpayer access to any forum for review of jeopardy assessments for up to 60 days." Id. at 187.

If a per se prohibition against a simultaneous Chapter 20 were in effect, Debtors, and others similarly situated, would be deprived of the ability to seek Chapter 13 relief, not just for 60 days, but for however long it might take for a trustee to close the estate.[5] In the instant case, the period of deprivation of the right would have been over a year and a half. However, it is not the duration of the period of deprivation,

---

[5] Under the Bankruptcy Code, a Chapter 7 trustee has a duty to close the estate "as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). A debtor should not be subject to completion of "administrative hurdles" by the Chapter 7 trustee, such as the filing of the final report, which are "beyond the debtor's control," before being able to file the Chapter 13 petition and propose a plan. In re Hodurski, 156 B.R. at 356 (citing In re Saylors, 869 F.2d at 1438).

but the existence of any period of deprivation, that creates a potential due process issue.

The Court is persuaded that there should be no *per se* rule barring a simultaneous Chapter 20.  Of course, the absence of a *per se* rule does not necessarily mean that Debtors were entitled to file the Chapter 13 case at issue.  Hence, the case shall be remanded so that the Bankruptcy Court can make appropriate findings and determine whether, even in the absence of a *per se* prohibition, it will nevertheless dismiss the instant Chapter 13 case due to a finding of bad faith on the part of Debtors or on other grounds.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the July 25, 2011 Order of the Bankruptcy Court shall be REVERSED and REMANDED for further proceedings consistent herewith.

SO DECIDED, on <u>Monday, July 9, 2012</u>.

/s/
Marvin J. Garbis
United States District Judge
